COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FRANCIS SPRING, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>THE FINGERHUT COMPANIES, INC., a Minnesota Corporation,<br><br>　　　　　　　　Defendant. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, James Francis Spring (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendant as follows:

I. **PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and treble damages, costs, and attorney fees brought pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

II. **JURISDICTION AND VENUE**

　A. **JURISDICTION OF THE COURT**

3. The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 & 1337.

B.	**VENUE**

4.	Venue is proper as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction, and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

III.	**PARTIES**

5.	Plaintiff is a natural person and resident of the State of Nevada.

6.	Upon information and belief, Defendant, Fingerhut (hereinafter "Defendant") is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Nevada.

7.	Upon information and belief, Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

IV.	**GENERAL ALLEGATIONS**

8.	Plaintiff has a cellular telephone number.

9.	Plaintiff has only used this number as a cellular telephone number.

10.	Defendant has been attempting to collect from Plaintiff an alleged debt incurred for personal, family, or household purposes and not for business purposes.

11.	Beginning in or around October 2019 and continuing through the present time, Defendant has called Plaintiff's cellular telephone number repeatedly.

12.	These calls have taken place at a frequency of approximately five (5) times per day.

13.	Defendant's calls were not for emergency purposes.

14.	Upon information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

15.	Plaintiff did not authorize the automated placement of calls to Plaintiff's cell phone.

16. Upon information and belief, the account on which Defendant is attempting to collect was closed in good standing or charged off in or around November 2018.

17. Defendant failed to send Plaintiff written notification of Plaintiff's alleged indebtedness to Defendant and Plaintiff's right to dispute Defendant's allegation within five (5) days of Defendant's above-referenced initial communication to Plaintiff.

18. As of the date of filing this lawsuit, Plaintiff has not received written notification of the alleged indebtedness.

19. Plaintiff has found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

20. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

V. **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**(TCPA Violation)**

21. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

22. The TCPA, 47 U.S.C. § 227, provides:

Section 227. Restrictions on use of telephone equipment

. . .

(b) Restrictions on use of automated telephone equipment.

   (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–

   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–

. . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .

23. The TCPA, 47 U.S.C. §227(b)(3), further provides:

Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

24. Defendant violated the TCPA by placing automated calls to Plaintiffs' cell phone.

25. Defendant's calls to Plaintiff were made to collect money, not for "emergency purposes."

26. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

27. As a result of Defendant's actions, Plaintiff has suffered losses and damages as set forth above and is entitled to an award of actual, statutory, and treble damages in an amount to be determined by the Court pursuant to 47 U.S.C. § 227(b)(3).

28. Plaintiff is entitled to injunctive relief pursuant to 47 U.S.C. § 227(b)(3).

29.     Plaintiff is entitled to recover costs and attorney fees from Defendant in an amount to be determined by the Court.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the TCPA;
2. An injunction against further violations;
3. Actual damages;
4. Statutory damages;
5. Treble damages;
6. Costs and reasonable attorney fees; and
7. For such other and further relief as the Court may deem just and proper.

## VII.    JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 8th day of December, 2020.

COGBURN LAW

By: ___/s/Erik W. Fox_____
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
Erik W. Fox, Esq.
Nevada Bar No. 8804
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
*Attorneys for Plaintiff*