1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

9    JAMES FRANCIS SPRING,

10          Plaintiff,

11    v.

12    BLUESTEM BRANDS, INC.,

13          Defendant.

Case No. 2:20-cv-02212-GMN-NJK

**ORDER**

[Docket No. 8]

14          Pending before the Court is Plaintiff's motion for attorney fees and reimbursement of costs

15    for service of process.  Docket No. 8.  Defendant did not file a response, and the time to do so has

16    now passed.  *See* Docket.  The motion is properly resolved without a hearing.  *See* Local Rule 78-

17    1.  For the reasons discussed more fully below, the Court **GRANTS** in part and **DENIES** in part

18    Plaintiff's motion.

19    **I.    BACKGROUND**

20          On December 8, 2020, Plaintiff filed a complaint against Defendant The Fingerhut

21    Companies, Inc. alleging violation of the Telephone Consumer Protection Act.  Docket No. 1.  On

22    December 21, 2020, Plaintiff filed an amended complaint substituting Defendant Bluestem

23    Brands, Inc. ("Defendant") in place of Defendant The Fingerhut Companies, Inc.  Docket No. 4.

24    Thereafter, on February 5, 2021, Plaintiff filed a proposed summons for service upon Defendant.

25    Docket No. 5.  The Clerk's Office issued a proposed summons for service upon Defendant on

26    February 8, 2021.  Docket No. 6.  On February 16, 2021, Plaintiff filed a proof of service of the

27    summons on Defendant.  Docket No. 7.  The proof of service stated that, on February 9, 2021, a

28    process server served the summons on intake specialist Jana Floyd at 1010 Dale Street N, St. Paul,

1    MN 5517, in compliance with Nevada Revised Statute 14.020.  *Id.* at 2, 27.  On March 17, 2021,

2    Plaintiff filed the instant motion seeking attorney's fees and reimbursement of costs for service of

3    process on Defendant.  Docket No. 8.

4    **II.   STANDARD**

5         "An individual, corporation, or association that is subject to service . . . has a duty to avoid

6    unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  "The plaintiff may notify

7    such a defendant that an action has been commenced and request that the defendant waive service

8    of summons."  *Id.*  Under the Federal Rules of Civil Procedure:

> If a defendant located within the United States fails, without good
> cause, to sign and return a waiver requested by a plaintiff located
> within the United Sates, the court must impose on the defendant: the
> expenses later incurred in making service; and the reasonable
> expenses, including attorney's fees, of any motion required to
> collect those service expenses.

13   Fed. R. Civ. P. 4(d)(2)(A)-(B).  "[T]he purpose of Rule 4(d) is 'to eliminate the costs of service of

14   a summons on many parties and to foster cooperation among adversaries and counsel.'"  *Estate of*

15   *Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (quoting Fed. R. Civ. P. 4(d) Advisory

16   Committee Note on 1993 Amendments).

17        The amount of fees awardable under Fed. R. Civ. P. 4(d) must be reasonable and are

18   calculated pursuant to the lodestar method.  *See* Fed. R. Civ. P. 4(d)(2)(B) (emphasis added)

19   (permitting fees for "*reasonable* expenses"); *Finato v. Keith Fink and Assoc.*, 2017 WL 10716998,

20   at *3 (C.D. Cal. May 4, 2017) (applying lodestar method to award fees pursuant to Fed. R. Civ. P.

21   4(d)).  Under that approach, the Court determines a reasonable fee by multiplying the number of

22   hours reasonably expended by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424,

23   433 (1983).  The lodestar figure is presumptively reasonable.  *Cunningham v. Cty. of Los Angeles*,

24   879 F.2d 481, 488 (9th Cir. 1988).[1]  The Court must independently review a fee request even

25   absent objection.  *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992).

26

27        [1] Adjustments to the lodestar are proper in only "rare and exceptional cases."  *Pennsylvania*
     *v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).  The Court finds
28   that this is not one of those cases.

## III.    ANALYSIS

Plaintiff submits that, on December 21, 2020, he sent by first-class mail a waiver packet to Defendant in compliance with Fed. R. Civ. 4(d)(1).  Docket No. 8 at 5, 11–22.  Plaintiff submits that, pursuant to Fed. R. Civ. P. 4(d)(1)(F), the deadline for Defendant to return the signed waiver form enclosed in the waiver packet was January 20, 2021.  *Id.* at 5, 11, 13.  Plaintiff further submits that Defendant failed to return a signed waiver form.  *Id.* at 6.  As a result, Plaintiff submits that, on February 8, 2021, he "obtained a Summons directed to Defendant and . . . service was effectuated upon Defendant on February 9, 2021."  *Id.* at 5, 27.  Plaintiff submits that he "was forced to incur the costs of service by process and the costs and fees for having to bring this instant motion and is entitled to reimbursement under Fed. R. Civ. P. 4(d)(2)."  *Id.* at 6.

Defendant failed to respond to Plaintiff's motion for attorney fees and reimbursement of costs.  *See* Docket.  "If no opposition is filed [to a motion for attorney's fees], the court may grant the motion after independent review of the record."  Local Rule 54-14(d).  In examining the merits of the motion and the exhibits attached thereto, the Court finds that, pursuant to Fed. R. Civ. P. 4(d)(1), Plaintiff sent a valid request for a waiver of service of process and that, pursuant to Fed. R. Civ. P. 4(d)(2)(A)-(B), he is entitled to the expenses later incurred in effectuating service upon Defendant and the reasonable expenses incurred in filing the instant motion.  *Cf. Levingston v. Piburn*, 2010 WL 2367206, at *1 (D. Ariz. June 10, 2010) (denying motion for expenses for failure to waive service where plaintiff failed to identify the dates on which she mailed the requests to waive the service of summons to defendants); *see also Estate of Darulis*, 401 F.3d at 1064 (citing Fed. R. Civ. P. 4(d)(2) Advisory Committee Notes on 1993 Amendment) ("A defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause, but sufficient cause should be rare"); *Rollin v. Cook*, 466 F. App'x. 665, 667 (9th Cir. 2012) (citing Fed. R. Civ. P. 4(d)(1)) ("Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff").

### A.  Recoverable Costs

Plaintiff submits that the cost of effectuating service upon Defendant was $120.  Docket No. 8 at 3, 5.  The instant motion includes an invoice from Serve Vegas LLC confirming that the

cost of effectuating service upon Defendant was $120.  *Id.* at 27.  Thus, the Court finds that the $120 cost Plaintiff incurred in effectuating service upon Defendant is recoverable.[2]

**B. Unrecoverable Attorney's Fees**

Plaintiff also asks the Court to award $1,300 in attorney's fees based on an hourly rate of $500 and the following activities:

| Date | Activity | Time | Amount |
|------|----------|------|--------|
| 12/21/20 | Review and finalize correspondence enclosing Waiver of Service. | 0.2 | $100 |
| 2/7/21 | Conduct research for appropriate service address or resident agent for Bluestem | 0.7 | $350 |
| 2/8/21 | Prepare Summons for Service of Process and Filing | 0.4 | $200 |
| 2/16/21 | Receipt and review Affidavit of Service | 0.2 | $100 |
| 3/4/21 | Draft and revise Motion for Attorney Fees and Costs for failure to accept service | 1.1 | $550 |

Docket No. 8 at 3–4.[3]  Fed. R. Civ. P. 4(d)(2) permits "recovery of those items arising *subsequent* to the presentation of a waiver of service, since it is only at that point that defendant has eschewed its 'duty to avoid unnecessary expenses of serving the summons.'"  *Madison v. Goldsmith and Hull*, 2013 WL 5769979, at *4 (N.D. Cal. Oct. 24, 2013) (quoting Fed. R. Civ. P. 4(d)(1)) (emphasis added).  Thus, the costs arising from Plaintiff's preparation and review of waiver of service forms are not recoverable.  *See Fitzpatrick v. Fitzpatrick*, 2014 WL 309491, at *2 (E.D. Cal. Jan. 28, 2014) (quoting Fed. R. Civ. P. 4(d)(2)(A)) (emphasis in original) ("Rule 4(d)(2)(A) states that when a defendant fails to return a waiver of service without good cause, plaintiff is

---

[2] Plaintiff requests $126.03 in costs, *see* Docket No. 8 at 8, but fails to specify the basis for the additional six dollars and three cents.  Therefore, the Court denies to award that amount.

[3] Plaintiff fails to include actual billing statements.

entitled to 'the expenses *later* incurred in making service,' not initial costs incurred in seeking waiver of service"). This includes Plaintiff researching the "appropriate service address or resident agent for Bluestem." Fed. R. Civ. P. 4(d)(1) required Plaintiff to investigate the address where he could effectuate proper service of process on Defendant in order to send Defendant the waiver of service forms; therefore, the fees incurred in doing so are not recoverable. *See* Fed. R. Civ. P. 4(d)(1) ("The notice and request must: be in writing and be addressed . . . to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Plaintiff effectuated service upon Defendant at the same address he mailed the waiver of service forms. *See* Docket No. 8 at 11, 27. Plaintiff fails to explain the basis for additional research on Defendant's service address or resident agent after investigating the same information to send the waiver of service forms, as required under Fed. R. Civ. P. 4(d)(1). *See Madison*, 2013 WL 5769979, at *4 ("It therefore follows that fees and costs incurred to prepare and send the waiver of service forms are items 'necessary' to the initiation of the Rule 4(d) process and unrecoverable on that ground").

**C. Hours Expended**

The touchstone in determining the hours for which attorney's fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff seeks to recover for 1.7 hours of attorney time spent on preparing the summons, reviewing the affidavit of service, and preparing the instant motion. Docket No. 8 at 3–4. Plaintiff submits that his attorney spent 0.4 hours preparing the summons, 0.2 hours receiving and reviewing the affidavit of service, and 1.1 hours drafting and revising the instant motion. *Id.* However, Plaintiff fails to explain what he means by preparing the summons. *See Gates*, 987 F.2d at 1397 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The fee applicant bears the

burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked"). In any event, "work that is 'clerical in nature . . .should [be] consumed in firm overhead rather than billed.'" *Spitzer v. Saul*, 2020 WL 1970064, at *3 (E.D. Cal. Apr. 4, 2020) (quoting *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). Preparing service documents and reviewing document receipts are clerical in nature. *See Garcia v. Colvin*, 2013 WL 5347494, at *7 (E.D. Cal. Sept. 23, 2013). The Court will therefore only include the 1.1 hours of attorney time spent drafting and revising the instant motion in the lodestar calculation.

**D.  Hourly Rate**

The party seeking an award of attorney's fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho*, 523 F.3d at 980. "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). "Affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Plaintiff seeks an hourly rate of $500 and submits that this rate is reasonable and consistent with his attorney's rating and years of practice. Docket No. 8 at 3. In his declaration, Erik W. Fox submits that the firm at which he works, Cogburn Law, is well known in the community and "AV rated by Martindale-Hubbell, the highest rating a law firm can receive." *Id.* Mr. Fox further submits that he "holds an AV rating with Martindale-Hubbell and has been practicing law in Nevada since 2004." *Id.* However, Mr. Fox fails to specify whether he is a partner or associate. In addition, Plaintiff fails to include any information showing that a $500 rate is in line with the prevailing rates in the community for similar services by lawyers of comparable skill, experience,

and reputation.   Moreover, this action is not complex and the instant motion presents straightforward issues.   *See Finato*, 2017 WL 10716998, at *3 ("[T]he issues presented in Plaintiff's Motion [[for Attorney's Fees pursuant to Fed. R. Civ. P. 4(d)(2)] are straightforward. . . . As such, the Court finds that the requested rate of $650 per hour is unreasonable").   Plaintiff also fails to justify a significant increase in Mr. Fox's hourly rate when the Court previously calculated attorney's fees for Mr. Fox at the hourly rate of $245.   *See DFR Apparel Co. v. Triple Seven Promotional Prod., Inc.*, 2014 WL 496931, at *3 (D. Nev. Feb. 6, 2014).   Absent any compelling reason as to why such an increase is proper, the Court finds that an hourly attorney rate of $500 is unreasonable in this case.   Therefore, the Court will calculate Mr. Fox's attorney's fees at $250.   *See Perrigo v. Premium Asset Servs., LLC*, 2015 WL 4597569, at *10 n.4 (D. Nev. July 28, 2015) ("[A]s the work reported is routine and non-complex the court awards the associate rate of $250).

### E.   Lodestar Calculation

In light of the above, the Court will award attorney's fees in the amount of 1.1 hours of attorney time at the hourly rate of $250.   Therefore, the Court will award attorney's fees in the amount of $275.

### IV.   CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part Plaintiff's motion for attorney fees and reimbursement of costs for service of process.   Docket No. 8.   Plaintiff is awarded $275 in attorney's fees and $120 in costs for a total award of $395.   Defendant must pay this amount no later than May 17, 2021.

IT IS SO ORDERED.

Dated: April 6, 2021

Nancy J. Koppe
United States Magistrate Judge