UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES FRANCIS SPRING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE FINGERHUT COMPANIES, INC., et al.,<br><br>　　　　Defendants. | Case No. 2:20-cv-02212-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 14] |

　　　　Pending before the Court is Plaintiff's motion for entry of default judgment. Docket No. 14. The motion is properly resolved without a hearing. *See* LR 78-1.

**I.　Personal Jurisdiction**

　　　　The Court's personal jurisdiction over a defendant is generally a waivable defense that the Court does not raise *sua sponte*. *See* Fed. R. Civ. P. 12(h)(1). Nonetheless, "[w]hen entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Thus, after giving Plaintiff notice and an opportunity to assert jurisdictional facts, the Court may dismiss an action for lack of personal jurisdiction. *See id.* at 712–13.

　　　　Plaintiff bears the burden of showing that Defendant is subject to the forum court's jurisdiction, which can be satisfied through a prima facie showing. *See High Tech Pet Prods., Inc. v. Juxin Pet Prod. Co.*, 2013 WL 1281619, *4 (E.D. Cal. Mar. 27, 2013). "To establish a prima facie case, plaintiffs are not limited to evidence that meets the standards of admissibility, but rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." *Heirdorn v. BBD Marketing & Mgmt. Co.*, 2013 WL 6571629, *7 (N.D. Cal. Aug. 19, 2013). Although the Court must generally accept as true factual

allegations in the complaint, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden."  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

In his first amended complaint, Plaintiff alleges that Defendant, upon information and belief, is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Nevada.  Docket No. 4 at 2.  Thus, to establish personal jurisdiction Plaintiff must show that, *inter alia*, Defendant expressly aimed its conduct at the forum state.  *See*, *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 673 (9th Cir. 2012).  United States District Judge Gloria M. Navarro addressed the relevant standards for this inquiry:

> "Express aiming" at the forum state includes the requirement of "something more" than simply "the broad proposition that a foreign act with foreseeable effects in the forum state always gives rise to specific jurisdiction."  "[T]he 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'"

*Boyd Gaming Corp. v. B Hotel Group, LLC*, 2014 WL 643790, *3 (D. Nev. Feb. 18, 2014) (quoting *Washington Shoe*, 704 F.3d at 675).  Judge Navarro further indicated that "the key question is as to the sufficiency of the evidence showing the defendant's knowledge that the impact of its acts would be felt in the forum."  *Boyd Gaming Corp.*, at *4.  Neither Plaintiff's first amended complaint nor the instant motion for entry of default judgment provides any indication that Defendant expressly aimed its conduct at Nevada.  Plaintiff, therefore, has not met his burden to show that Defendant is subject to this Court's jurisdiction.

## II.  Damages

A plaintiff seeking default judgment has the burden of proving his damages.  *See Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1010 (N.D. Cal. 2001).  Generally, damages are proven through the submission of evidence or the holding of an evidentiary hearing.  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).

In his first amended complaint, Plaintiff seeks damages for Defendant's alleged violation of the Telephone Consumer Protection Act.  Docket No. 4 at 5.  Plaintiff, however, fails to allege

a certain sum of damages. *See id.* Rather, Plaintiff generally alleges that he seeks judgment for actual, statutory, and treble damages, as well as costs and reasonable attorney fees. *Id.* In the instant motion, Plaintiff supports his request for damages as follows:

> As confirmed by the Declaration of James Spring, the calls from Defendant began in October 2019, and were numerous throughout 2020. In total there were a minimum of 70 calls, with Spring revoking any consent on the initial call from Defendant. The automated dialer was used by Defendant, and without Spring's consent. For calls 1–5, the Court should assess the minimum statutory penalty of $500. For the remaining calls, 6–70, Plaintiff should be awarded statutory penalties of $1,500 because of the consistent revocation of consent by Plaintiff. For calls 1–5, Plaintiff should be awarded $2,500 in statutory damages. For calls 6–70, Plaintiff should be awarded $97,500 for the willful violation following the revocation of consent.

*Id.* at 7. Plaintiff further submits that he is entitled to $2,950 in attorney's fees and $573.70 in costs. *Id.* Absent from Plaintiff's motion, however, is any citation to legal authority for the requested damages. Plaintiff provides no explanation whatsoever to establish that over $100,000 in damages, fees, and costs is reasonable for the 70 unwanted calls he allegedly received. Plaintiff, therefore, has not met his burden to prove damages.

### III. Conclusion

Accordingly, Plaintiff's motion for entry of default judgment, Docket No. 14, is hereby **DENIED** without prejudice.[1]

IT IS SO ORDERED.

Dated: August 4, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to the merits of the motion other than noting the above defects. Counsel must carefully review the legal requirements for seeking entry of default judgment and must ensure that any renewed motion suffices for the relief being sought.

3